UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BLACK,<br><br>    Plaintiff,<br><br>v.<br><br>WADDLE, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00503-MJS (PC)<br><br>**ORDER DENYING REQUEST FOR ENTRY OF DEFAULT**<br><br>**(ECF NO. 22)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. On November 9, 2016, the Court screened Plaintiff's complaint and determined that service of Plaintiff's first amended complaint was appropriate for Defendants Brubaker, Neibert, Waddle, Sherrill, and Walinga. (ECF No. 18.) On December 9, 2016, the Court issued an order directing the United States Marshal Service to serve the amended complaint on these Defendants. (ECF No. 21.)

Before the Court is Plaintiff's February 21, 2017 request for entry of default. (ECF No. 22.)

**I.    Legal Standard**

In general, "[a] summons must be served with a copy of the complaint." Fed. R.

Civ. P. 4(c)(1). However, many defendants have "a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). "The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Id. Rule 12(a)(1)(A)(ii) of the Federal Rules of Civil Procedure provides that a defendant that has timely waived service under Rule 4(d) must respond "within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States."

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Rule 55(b)(2) provides that the Court may grant a default judgment after default has been entered by the Clerk of the Court.

**II.   Discussion**

Plaintiff's request for entry of default is premature. There is no indication in the record that the United States Marshal has sent Defendants a waiver of service or personally served them. Thus, there is no indication of whether or when Defendants' response is due, or whether the time for them to respond has expired. The Court cannot enter default absent proof that Defendants have been served or have waived service. Absent such information from the Marshals Service, Plaintiff is not entitled to the entry of default in this case.

**III.   Conclusion and Order**

Plaintiff's request for entry of default is premature and is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   February 24, 2017           /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28